IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LAWRENCE WRIGHT, | ) | |
| | ) | |
| Movant/Defendant, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 05-640-GMS |
| | ) | Cr. A. No. 01-63-GMS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

**MEMORANDUM OPINION**

---

Lawrence W. Wright. *Pro se* movant.

Edmond Falgowski,[1] Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for respondent.

---

Sept 17, 2008
Wilmington, Delaware

---

[1] Edmond Falgowski, Esquire, has been substituted for Richard Andrews, Esquire, the Assistant United States Attorney formerly assigned to this case.

SLEET, Chief Judge

## I.   INTRODUCTION

Movant Lawrence Wright ("Wright") filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 131.) The Government filed its answer in opposition. (D.I. 136.) For the reasons discussed, the court will deny two of the claims asserted Wright's § 2255 motion as meritless. However, the court will withhold a final decision with respect to Wright's ineffective assistance of counsel claim until the record has been supplemented with affidavits provided by Wright's former defense attorneys.

## II.   BACKGROUND

A nineteen count indictment charged Wright with charges of conspiracy, interstate transportation of stolen property, money laundering, bribery, and making false statements to government officials. The charges alleged that Wright, the Reverend at the New Mount Olive Baptist Church, and the now-deceased State Representative Al O. Plant conspired to steal money from the Suburban Street funds in a scheme where Representative Plant allocated approximately $150,000 of Suburban Street Funds to Wright's church. Wright then drew the money from the church account, and deposited half of the funds into his personal account and the other half of the funds in the personal account of Representative Plant. (D.I. 90.)

A federal jury found Wright guilty on all nineteen counts. Wright filed a post-trial motion for judgment of acquittal with respect tot he counts of the indictment that involved the transportation of stolen goods in interstate commerce. The Honorable Roderick M. Mckelvie granted the motion with respect to the bribery counts, but refused to dismiss the other counts. (D.I. 90; D.I. 91.) After Judge Mckelvie's retirement from the bench, the case was re-assigned to

this court. During the sentencing hearing, the court considered, and rejected, Wright's request for a downward departure based on his charitable work. The court then sentenced Wright to 51 months of imprisonment on all counts, to be served concurrently, followed by 3 years of supervised release for each count, a $1,000 special assessment, and $150,000 restitution to New Mount Olive Baptist Church. (D.I. 106; D.I. 113.) Wright appealed, and the Third Circuit Court of Appeals affirmed his convictions and sentences. *United States v. Wright*, 363 F.3d 237 (3d Cir. 2004). Thereafter, Wright filed a petition for a writ of certiorari in the United States Supreme Court. The Supreme Court denied Wright's motion for leave to proceed in forma pauperis on October 4, 2004, and denied his request for reconsideration on November 8, 2004. *See United States v. Wright*, 125 S.Ct. 243 (2004); *Wright v. United States*, 543 U.S. 978 (2004).

Wright filed the instant § 2255 motion to vacate, set aside, or correct his sentence. (D.I. 131.) The Government filed an answer arguing that all the claims in the motion should be dismissed as meritless, but also suggested that the court conduct an evidentiary hearing on Wright's ineffective assistance of counsel claim. (D.I. 136.) Wright's § 2255 motion is ready for review.[2]

### III.  DISCUSSION

Wright asserts three grounds for relief in his § 2255 motion: (1) he was denied the equal protection of the laws because the United States Supreme Court denied his petition for certiorari for failing to pay the filing fee; (2) the court unconstitutionally enhanced his sentence by relying on the then- mandatory Sentencing Guidelines, which were subsequently declared

---

[2] Wright is still "in custody" for the purposes of 28 U.S.C. § 2255 even though he is presently serving the supervised release portion of his sentence.

unconstitutional in *United States v. Booker*, 543 U.S. 220 (2005); and (3) his defense attorneys provided ineffective assistance by failing to seek a plea bargain despite "overwhelming" evidence of guilt.

### A. Claim one: United States Supreme Court's denial of Wright's request to proceed *in forma pauperis* violated Wright's right of equal protection

The court is not aware of any authority permitting it to review the United States Supreme Court's denial of Wright's request to proceed *in forma pauperis*. *See, e.g., In re Marin*, 956 F.2d 339, 340 (D.C. Cir. 1992)(noting that district court "lacked subject matter jurisdiction to review any decision of the Supreme Court or its Clerk"); *Tillman v. United States Supreme Court*, 979 F.2d 248 (Table), 1992 WL 345474, at **1 (D.C. Cir. 1992)(holding that, "[b]ecause no other court may compel action of the Supreme Court, the district court properly dismissed Tilman's complaint as frivolous."); *Panko v. Rodak*, 606 F.2d 168, 171 n. 6 (7th Cir. 1979)(noting that "it seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."). Accordingly, the court will deny claim one as meritless.

### B. Claim two: violation of *Booker*

The Third Circuit has expressly held that "*Booker* does not apply retroactively to initial motions under § 2255 where the judgment was final as of January 12, 2005, the date *Booker* was issued." *See Lloyd v. United States*, 407 F.3d 608, 616 (3d Cir. 2005). Here, Wright's conviction became final in November 2004, when the United States Supreme Court denied his motion for reconsideration with respect to its October 2004 denial of his petition for a writ of certiorari. Accordingly, the principles articulated in *Booker* do not apply to Wright's case.

### C. Claim three: ineffective assistance of counsel

Wright contends that his defense attorneys were constitutionally ineffective for failing to pursue a plea bargain on his behalf when the evidence against him was "patently overwhelming." According to Wright, had his attorney's informed him that 18 U.S.C. §§ 2(b), 2314 did not require that he knew or intended for stolen property (the three checks for SSF funds) to be transported across state lines in order to be convicted of causing the transportation of stolen property in interstate commerce, and that he had little chance of being acquitted, he would have pled guilty to the charges. Wright also contends the his attorneys failed to advise him of his sentencing options.

To prevail on his ineffective assistance of counsel claims, Wright must satisfy the two-part test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). Under *Strickland*'s first prong, Wright must demonstrate that counsel's performance fell below an objective standard of reasonableness, with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Id.* at 688. Under the second prong of the *Strickland* test, Wright must affirmatively show that counsel's deficient performance prejudiced his case. *Strickland,* 466 U.S. at 692-93.

"The plea bargain stage [is] a critical stage at which the right to effective assistance of counsel attaches." *United States v. Day,* 969 F.2d 39, 43 (3d Cir. 1992). Consequently, when an attorney's insufficient or incorrect advice to a defendant regarding a plea offer undermines the defendant's ability to make a reasonably informed decision to accept or deny the plea, the attorney has provided constitutionally ineffective assistance under the Sixth Amendment. *Id.*

Here, however, Wright does not assert that he was offered a specific plea, or that his counsel provided incorrect advice about a specific plea. Instead, he contends that counsel should have encouraged him to consider pleading guilty as charged, and that he would have entered a plea agreement had his attorneys informed him of the different sentencing possibilities. Therefore, after considering the decisions of other district courts in this circuit, the court strongly questions whether Wright has stated a potentially viable ineffective assistance of counsel claim because he has failed to allege that he was offered an actual plea offer about which counsel provided insufficient advice. *See United States v. Odinga*, 2007 WL 2461705 (E.D. Pa. Aug. 23, 2007); *Enright v. United States*, 347 F.Supp.2d 159, 165 (D.N.J. 2004)(petitioner failed to state a viable ineffective assistance of counsel claim regarding the plea bargain stage because there was no formal or informal plea offer); *United States v. Gordon*, 979 F. Supp. 337, (E.D. Pa. 1997); *see also United States v. Pungitore*, 15 F. Supp. 2d 705, 733-34 (E.D. Pa. 1998).

Nevertheless, the court notes that the record does not contain any information regarding the advice given to Wright by his attorneys regarding his sentencing exposure and his option to pursue a plea agreement, nor does the record indicate whether the Government actually extended a plea offer to Wright. Although the Government suggests that the court should conduct an evidentiary hearing on this issue pursuant to *United States v. Day*, 969 F.2d 39, 43 (3d. Cir. 1992), the court is not convinced that a full blown evidentiary hearing is required at this juncture.[3] Rather, the court finds that the "missing" information can be obtained more

---

[3] It is well-settled that a district court has discretion in deciding whether to order an evidentiary hearing, and an evidentiary hearing is not required if the "motion and the files and records of the case conclusively show" that the petitioner is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255.

5

expeditiously by requiring Wright's former defense attorneys to provide affidavits responding to the allegations raised in Wright's § 2255 motion.[4] Once the court receives and reviews counsels' affidavits, the court will determine the next appropriate step for this case.[5]

Accordingly, the court will enter an order directing Ms. Jennifer-Kate M. Aaronson, Esquire, and Mr. Stephen B. Potter, Esquire to provide affidavits to the United States Attorney's Office responding to Wright's ineffective assistance of counsel claim, as well as any documentation relevant to the claim raised. The United States Attorney's Office shall then file the affidavits and any related documentation with the court.

## IV. CERTIFICATE OF APPEALABILITY

Finally, the court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability is appropriate only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must "demonstrate that reasonable jurists would find the district

---

[4]By asserting this allegation of ineffective assistance against Ms. Jennifer-Kate M. Aaronson, Esquire, and Mr. Stephen B. Potter, Esquire, Wright has waived the attorney-client privilege as to the ineffective assistance issues raised in the § 2255 motion, as well as to communications between Wright and his attorneys reasonably related to such claims. *Hunt v. Blackburn*, 128 U.S. 464 (1888); *see In re Lott*, 424 F.3d 446, 452-53 (6th Cir. 2005); *Livingstone v. North Belle Vernon Borough*, 91 F.3d 515, 537 (3d Cir. 1996)(finding that civil rights plaintiff had waived attorney-client privilege by putting criminal defense attorney's advice at issue).

[5]In contrast, the court concludes that an evidentiary hearing is not warranted for claims one and two because the "[§ 2255] motion and the files and records of the case conclusively show" that Wright is not entitled to relief on those claims. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255.

court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court is denying claims one and two raised in Wright's § 2255 motion after determining that they are meritless. The court is persuaded that reasonable jurists would not find these assessments debatable. Therefore, the court will not issue a certificate of appealability with respect to claims one and two.

## V.  CONCLUSION

The court concludes that Wright is not entitled to relief pursuant to 28 U.S.C. § 2255 for claims one and two. As for claim three, the court will order Wright's former defense attorneys to provide affidavits to the United States Attorney's Office in response to Wright's ineffective assistance of counsel claim. Once received, the United States Attorney's Office shall immediately file the affidavits with the court. An appropriate order will issue.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LAWRENCE WRIGHT, ) | |
| ) | |
| Movant/Defendant, ) | |
| ) | |
| v. ) | Civ. A. No. 05-640-GMS |
| ) | Cr. A. No. 01-63-GMS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff. ) | |

**ORDER**

For the reasons set forth in the Memorandum Opinion issued in this action today, IT IS HEREBY ORDERED that:

1. Claims one and two of movant Lawrence Wright's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 are **DENIED**. (D.I. 131.)

2. (a) No later than _October 17_, 2008, Wright's former defense attorneys, Ms. Jennifer-Kate M. Aaronson, Esquire, and Mr. Stephen B. Potter, Esquire, shall provide the United States Attorney's Office with affidavits responding to Wright's allegation of ineffective assistance, along with any relevant documentation.

   (b) In turn, the United States Attorney's Office shall immediately file with the court the affidavits and any accompanying documentation as discussed in 2(a).

3. A certificate of appealability will not issue with respect to the court's denial of

claims one and two, for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

Sept 17, 2008
Wilmington, Delaware

CHIEF, UNITED STATES DISTRICT JUDGE

FILED

SEP 17 2008

U.S. DISTRICT COURT
DISTRICT OF DELAWARE